IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Darrion O'Malley Foote, | ) | |
|---|---|---|
| | ) | Case No. 11 C 50321 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Valerie Lewis, et al., | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendant. | ) | |
| | ) | |

### ORDER

For the reasons stated below, defendant Valerie Lewis' motion for summary judgment [81] is granted. The cause is dismissed in its entirety.

### STATEMENT-OPINION

On November 3, 2011, *pro se* plaintiff, Darrion O'Malley Foote, filed a complaint under 42 U.S.C. § 1983 alleging, among other things, that various defendants at the Winnebago County Jail denied him medication while he was incarcerated. [1]. After plaintiff filed a number of amended complaints and agreed to dismiss some of the originally named individual defendants, the only defendant that remained was Nurse Manager Valerie Lewis. *See* [16], [21], [40]. Currently before the court is defendant Lewis' motion for summary judgment.

On summary judgment, the court construes all facts and draws all inferences in the light most favorable to the non-moving party. *Schepers v. Commissioner, Indiana Dept. of Corrections,* 691 F.3d 909, 913 (7th Cir. 2012). The court does not weigh evidence or determine the credibility of witness testimony. *O'Leary v. Accretive Health, Inc.,* 657 F.3d 625, 630 (7th Cir. 2011). Instead, the court only grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In his third amended complaint, plaintiff alleges that he was arrested and housed at the Winnebago County Jail as a pretrial detainee on August 20, 2011. On the said date, plaintiff went through Winnebago County Jail's intake process. He explains this process included, among other things, a series of medical related questions that specifically inquired whether he was currently prescribed medication. Plaintiff claims he informed the attending nurse that he was and explained that he had been prescribed Nexium, Abilify, Zoloft, Norvasc, and Serequel. *See* [40] at 2-3. Allegedly, when plaintiff informed the attending nurse that he did not have anyone who

1

could bring him his medication, he was informed that the Nurse Manager at the Winnebago County Jail (defendant Lewis) would first need to verify that he was actually prescribed the medication, and then after doing so, could provide him the medication. *Id.* Plaintiff claims that on or about August 23, 2011, his medications were verified. [82] at 5; [95] at 4. He alleges that on August 26, 2011 he submitted an inquiry to defendant Lewis requesting that he receive the medication, but Lewis failed to respond to this inquiry. As a result, plaintiff submitted approximately five additional grievances to Lewis between August 30, 2011 and October 6, 2011 that requested medication. Plaintiff contends Lewis failed to respond to these grievances as well.

Lewis states otherwise. She claims that she timely responded to plaintiff's grievances according to department policy. Because of this, she argues that she was not deliberately indifferent to plaintiff's medical needs. [83] at 1-2.

Even assuming that Lewis failed to promptly respond to plaintiff's grievances and other requests for medication, the court finds summary judgment is warranted. After reviewing the parties' statements of undisputed facts, it is clear plaintiff is unable to establish a *prima facie* claim for deliberate indifference.

Pretrial detainees have a right to adequate medical treatment under the Fourteenth Amendment. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007); *King v. Kramer*, 680 F.3d 1013, 1017-18 (7th Cir. 2012). Claims of deliberate indifference to a serious medical need of a pretrial detainee under the Fourteenth Amendment use the same standard as claims of deliberate indifference to a serious medical need of a convicted prisoner under the Eighth Amendment. *See Williams*, 509 F.3d at 401; *King*, 680 F.3d at 1017-18. Both Amendments prohibit correctional officials and health care providers from acting with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). However, to survive summary judgment, a plaintiff claiming deliberate indifference must establish both an objective and a subjective element. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *see also Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). First, a plaintiff must demonstrate that he has an objectively serious medical condition. Next, he must show that the defendant was subjectively aware of his serious medical condition and consciously disregarded it. *Id.*

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would know that a doctor's attention was needed. *See Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005); *Edwards v. Snyder*, 478 F.3d 827, 830-831 (7th Cir. 2007). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008) (citations omitted). When analyzing a deliberate indifference claim premised upon the failure to receive medications, the "objectively seriousness" element does not relate to a plaintiff's medical condition and instead relates to the medical consequences of not receiving such medications. *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). Indeed, in *Jackson*, the Seventh Circuit affirmed a district court's finding that a prisoner that could not establish a claim of deliberate indifference because of a delay in receiving prescription medication. *Id.* at 790-91. It reasoned that the claim failed because the plaintiff could not establish that he suffered harm as a result of the delay in receiving his medication. *See id.* at 790 (explaining that "[n]o matter how serious a medical condition is,

2

the sufferer from it cannot prove tortious misconduct (including misconduct constituting a constitutional tort) as a result of failure to treat a condition without providing evidence that the failure caused injury or a serious risk of injury.").

Thus, in order for plaintiff to succeed on his claim, he must provide verifying medical evidence that the delay in receiving medication caused some degree of harm. *Id.*; *Williams v. Liefer*, 491 F.3d 710, 714-15 (7th Cir. 2007) (plaintiff must offer verifying medical evidence that delay, rather than the inmate's underlying medication condition, caused some degree of harm). Plaintiff has not done so here. While it appears he did not receive any medication for his high blood pressure condition from August 20, 2011, until October 7, 2011, the only harm plaintiff identifies in not receiving this medication is that his blood pressure readings on August 21, 2011, August 22, 2011, August 30, 2011, and October 6, 2011, were "abnormally high." [96] at 10. These few "high" blood pressure readings, without more, are insufficient to demonstrate any harm to plaintiff's medical condition. *See Jackson*, 733 F.3d at 790.

With respect to his acid reflux medication, plaintiff fails to offer any evidence which establishes that the denial of the medication resulted in any harm. The same is true with the delay in receiving his psychotropic medications. In support of his argument that his mental health issues constituted a serious medication condition, plaintiff relies on the intake nurse's notations that he was in his underwear at the time of the intake, he yelled sometimes, and he had the potential for altered thought process. See [96] at 10. However, these symptoms, or harms, were present at plaintiff's intake, not after a delay in receiving any psychotropic medications. In fact, these symptoms were present when plaintiff was allegedly taking his medications prior to his arrest. Accordingly, plaintiff has also failed to demonstrate the denial of his psychotropic medications caused any harm. *See Jackson*, 733 F.3d at 790 (noting that plaintiff's blood pressure was higher two months prior to the interruption in his high blood pressure medication). Finally, to the extent plaintiff's claims he can establish that he suffered harm because he argued with staff members at Winnebago County Jail, this is insufficient to establish injury for claims of deliberate indifference. Arguing with prison staff does not constitute a serious health risk. *See Vitrano v. Hauck*, No. 10-cv-0800, 2013 WL 1308642 at * 8 (E.D. Wisc. March 27, 2013) (plaintiff's allegation that he had difficulty sleeping due to not receiving schizophrenia medications did not demonstrate that his medical condition worsened due to the delay in medication). Thus, plaintiff has failed to demonstrate that any of his medical conditions worsened because of the delay or denial of his medications. Without any such harm, plaintiff cannot prevail on his deliberate indifference claim and summary judgment in warranted. *See Jackson*, 733 F.3d at 790.

For the reasons stated above, defendant Valerie Lewis' motion for summary judgment [81] is granted.

Date: 1/17/2014                          ENTER:

                                                      *Philip G. Reinhard*
                                                      United States District Court Judge

Notices mailed by Judicial Staff. (LC)